Mahmood YOONESSI, M.D., Plaintiff–Appellant,

v.

NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, A Board under the Auspices of the New York State Department of Health, M.D. William A. Dillon, Chairman, personally, Antonia C. Novello, Commissioner of The New York State Department of Health, personally, M.D. Michael Noe, M.D. Steven Goodnaugh, M.D. I.L. Cohen, each and everyone personally, Kaleida Health System, a New York State Corporation, Brian D'Arcy, M.D., Michelle Marzek, R.N., both personally, Catholic Health System, a New York State Corporation, M.D. Daniel Kredentser, M.D. M. Steven Piver, M.D. Shashikant Lele, M.D. David Marchetti, M.D. Trudy Baker, M.D. William Greiner, William Scheuerman, Carol E. Heckman, Esq., Eliot Spitzer, Gail Mitchell, Esq., Each and Everyone, Roswell Park Cancer Institute, A State Institution, American Board of Obstetrics and Gynecology, Bristol Meyers Squibb Company, Lawrence Sternberg M.D., Defendants–Appellees,

Ann Marie Fricke, John Choate, M.D., Albany Medical Center, Gynecologic Oncology Group, National Cancer Institute of Canada, Rich Newburg,

News Channel 4, Matt Gryta, Buffalo News, Ronald Wender, M.D., Executive Director Ronald Joseph, both personally, Defendants.

No. 05–2043.

United States Court of Appeals, Second Circuit.

Jan. 12, 2006.

Mahmood Yoonessi, Rancho Palos Verdes, CA, for Appellant, pro se.

Victor Paladino, Assistant Attorney General (Eliot Spitzer, Attorney General, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for New York State Board for Professional Conduct, William P. Dillon, M.D., Antonia C. Novello, M.D., William R. Greiner, Shashikant Lele, M.D., David L. Marchetti, M.D., Daniel C. Kredentser, M.D., Ann Ford Frick, Trudy R. Baker, M.D., Lawrence Sternberg, M.D., M. Steven Piver, M.D., Roswell Park Cancer Institute, Eliot Spitzer and Gail Y. Mitchell.

Aven Rennie, Magavern, Magavern & Grimm, Buffalo, NY, for Kaleida Health, Michael Noe, M.D. and I.L. Cohen, M.D.

Amy Archer Flaherty, Damon & Morey LLP, Buffalo, NY, for Steven Goodnaugh, M.D.

Mark A. Malloy, Nixon Peabody LLP, Buffalo, NY, for Catholic Health System, Brian D'Arcy, M.D. and Michelle Marzek, R.N.

James R. Sander, Latham, NY, for William Scheuerman.

Paula Ryan Conan, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, on the brief), United States Attorney's Office for the Northern District of New York, for Carol E. Heckman.

Stephen L. Tatum, Cantey & Hanger, L.L.P., Fort Worth, TX (Tawanna Lynn Cesare, Cantey & Hanger, L.L.P., Fort Worth, TX; Richard T. Saraf, Goldberg, Segalla LLP, Buffalo, NY, on the brief), for American Board of Obstetrics & Gynecology.

David M. Covey, Sedgwick, Detert, Moran & Arnold, New York, NY, for Bristol–Myers Squibb Co.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges and CAROL BAGLEY AMON,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff Mahmood M. Yoonessi brought this action pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, alleging that defendants violated his rights pursuant to the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. He also asserted claims for violations of "the laws of the State of New York," as well the Sherman Act, 15 U.S.C. § 1, *et seq.* He appeals the District Court's dismissal of his claims. We assume the parties' familiarity with the underlying facts and procedural history.

An Iranian–American who immigrated to the United States in 1969, plaintiff practiced gynecological oncology in Buffa-

---

* The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

lo, New York from 1976 until 2002. In 2001, defendant Antonia C. Novello, the Commissioner of the New York State Department of Health, summarily suspended plaintiff's license to practice medicine, allegedly on the basis of charges of professional misconduct that were largely predicated on the opinion of defendant Dr. Daniel Kredentser. Pursuant to Yoonessi's application, the New York Supreme Court stayed the suspension of his medical license. Defendant Board of Professional Medical Conduct ("BPMC") thereafter held a ten-day hearing concerning the manner in which plaintiff had treated eight patients. Following the hearing, in June 2002, the BPMC ordered plaintiff's New York medical license revoked. That same month, the Medical Board of California ("MBC") revoked plaintiff's license to practice medicine in California.

On July 2, 2002, plaintiff initiated an Article 78 proceeding in the Third Department of the Appellate Division of the New York Supreme Court, contending that his hearing before the BPMC had violated his due process rights and that the evidence presented was insufficient to support the BPMC's revocation of his license. While the Article 78 proceeding was pending, plaintiff commenced the instant suit on November 20, 2003 in the United States District Court for the Western District of New York ("W.D.N.Y.action"), seeking vacatur of the decisions of the BPMC and the MBC, as well as of certain orders of the Appellate Division, and, in addition, damages and unspecified injunctive relief. In December 2003, the Third Department affirmed the order of the BPMC, and the New York Court of Appeals denied leave to appeal.

In the instant action, plaintiff asserted four causes of action—namely that defen-

dants (1) deprived him of his medical license in violation of 42 U.S.C. § 1983; (2) conspired to violate his civil rights on the basis of his race in violation of 42 U.S.C. §§ 1981, 1982 and 1985; (3) failed to prevent such conspiracy in violation of 42 U.S.C. § 1986; and (4) conspired to monopolize the practice of gynecological oncology in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.* On March 18, 2004, while the W.D.N.Y. action was pending, plaintiff filed another suit in the United States District Court for the Central District of California (the "C.D.Cal. action") that was predicated on substantially the same facts as the W.D.N.Y. action and was brought against the same defendants.[1] The various defendants brought motions to dismiss the W.D.N.Y. action or motions for summary judgment; the District Court granted those motions, dismissing the complaint in its entirety. *See Yoonessi v. New York State Bd. for Prof'l Med. Conduct,* No. 03–CV–871S, 2005 WL 645223 (W.D.N.Y. March 21, 2005).

The District Court began its thoughtful and comprehensive analysis by rejecting plaintiff's motion for change of venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). *See Yoonessi,* 2005 WL 645223, at *7. We conclude that the Court did not abuse its "sound discretion," *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir.1989), in determining that plaintiff failed to satisfy the requirements of 28 U.S.C. § 1404(a). *See Yoonessi,* 2005 WL 645223, at *7–*8.

The District Court went on to consider each of the several motions before it and to dismiss the action. *See id.* at *9–*27. The Court reached the following conclusions: (1) BPMC is immune from suit pur-

---

1. Each of the defendants in the W.D.N.Y. action other than Michelle Marzek, R.N. is included among the defendants in the C.D. Cal. action.

suant to the Eleventh Amendment, *id.* at *9–*10; (2) Heckman is immune from suit pursuant to the doctrine of absolute judicial immunity, *id.* at *10–*11; (3) Spitzer and Mitchell are immune from suit insofar as they are sued solely for actions they took defending New York State in litigation, *id.* at *11–*12; (4) Sternberg is immune from suit pursuant to the doctrine of quasi-judicial immunity, *id.* at *12–*14; (5) Kredentser and Marzek are immune from suit insofar as plaintiff has attempted to hold them liable for their testimony at the BPMC hearing, *id.* at *14; (6) Kaleida Health Systems, Noe, Cohen, Goodnaugh, Mitchell, Fricke, Choate, Albany Medical Center, Gynecologic Oncology Group, National Cancer Institute of Canada, MBC, Wender and Joseph were never properly served with process, and plaintiff was not entitled to an additional extension of time to effect service, *id.* at *14–*16; (7) the claims against American Board of Obstetrics & Gynecology ("ABOG") are barred by the doctrine of res judicata, *id.* at *16–*17; (8) the claims against Scheuerman and Mitchell are untimely, *id.* at *17–18; (9) the claim for declaratory relief against BPMC and the claim for unspecified injunctive relief insofar as brought against Baker, Dillon, Greiner, Kredentser, Lele, Marchetti, Novello, Piver, Roswell Park Cancer Institute, Spitzer, Sternberg and BPMC are subject to abstention pursuant to the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Yoonessi,* 2005 WL 645223, at *18–*20, (10) the claims against Novello, Dillon, Sternberg, Kaleida Health, Noe, Cohen and Goodnaugh are barred by the doctrine of issue preclusion, *id.* at *20–21; and (11) plaintiff failed to state a claim upon which relief could be granted pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 or the Sherman Act, 15 U.S.C. § 1, *et seq., Yoonessi,* 2005 WL 645223, at *21–*26. The District Court then denied plaintiff's motion to produce documents pursuant to the Freedom of Information Act, *id.,* at *26, and defendant ABOG's motion for sanctions against plaintiff, *id.* at *26–*27.

On appeal, plaintiff contends, *inter alia,* that the District Court erred in the following respects: denying him a jury trial; failing to vacate the decision of the BPMC; "transfer[ring] the power/Authority of the FDA to Medical Boards"; considering certain defendants to be immune from suit; granting summary judgment to certain defendants; and failing to grant plaintiff a default judgment against certain defendants. We review the District Court's dismissal of the action *de novo, see, e.g., Schick v. Berg,* 430 F.3d 112, 115 (2d Cir. 2005) (grant of summary judgment reviewed *de novo*); *United States v. Space Hunters, Inc.,* 429 F.3d 416, 424 (2d Cir. 2005) (grant of motion to dismiss reviewed *de novo*), and conclude that the action was properly dismissed substantially for the reasons set forth by the District Court in its thorough opinion. *See Yoonessi,* 2005 WL 645223, at *9–*27.

Finally, based on our consideration of the record in this proceeding and in other suits that Yoonessi has filed related to the same factual circumstances at issue here, we take this occasion to serve notice on Yoonessi that additional appellate litigation relating to these circumstances may subject him to a requirement that he obtain leave before filing appeals, *see In re Martin–Trigona,* 9 F.3d 226, 227 (2d Cir.1993), to monetary penalties, *see* Fed.R.Civ.P. 11(c); Fed. R.App. P. 38, or to other sanctions.

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.